**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 12 CR 87 |
| | ) | |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| RONALD WATTS, and | ) | |
| KALLATT MOHAMMED, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO INTERVENE TO SEEK
MODIFICATION OF THE PROTECTIVE ORDER**

Now come proposed intervenors, Ben Baker and Clarissa Glenn, by and through their counsel, and petition this court for leave to intervene in order to seek modification of the protective order in this case. In support, Baker and Glenn state as follows:

**Relevant Background**

Baker and Glenn are plaintiffs in a Section 1983 lawsuit against the defendants in this criminal matter, Ronald Watts and Kallatt Mohammed, and other Chicago police officers. A copy of their complaint in *Baker v. City of Chicago*, No. 16 cv 8940, is attached here as Exhibit A.

Baker and Glenn allege in their civil suit that Watts, Mohammed, and other Chicago police officers framed them for crimes they did not commit when Baker refused to pay Watts a bribe and then complained to authorities about the officers' misconduct. *Id.* ¶¶ 17-96. As a result of the officers' misconduct, Baker and Glenn were both wrongfully convicted of drug crimes, with Baker spending nearly a decade in prison and Glenn receiving a sentence of one-year probation. *Id.* ¶¶ 97-

99. Both convictions have since been reversed.[1]

Baker and Glenn allege in their civil suit that Watts, Mohammed, and other CPD officers engaged in a pattern of similar misconduct for a period of years, and the that misconduct was consistent with the acts for which they were prosecuted in this criminal case. *Id.* at ¶¶ 100-115. Likewise, Baker and Glenn allege that the federal government investigated potential criminal activity of Watts' CPD tactical team for a period of several years preceding the indictment in this criminal case. *Id.* at ¶¶ 100-15, 122, 23, 138.

Consistent with those allegations, the public record in this case indicates that the government amassed information about a pattern of misconduct by the defendants, spanning a period of years, and also that Mohammed likely made statements to federal authorities during the investigation. *See* Doc. No. 84 (Gov't sentencing memorandum) at 1 ("For years . . . [Watts] used his badge and his position as a sergeant with the Chicago Police Department at to shield his own criminal activity from law enforcement scrutiny"); Exhibit B (Watts's sentencing transcript) at 10-11 (Government urging the Court to consider "the other criminal conduct that the defendant has engaged in in the course of his career as a police officer" and noting that Watts and Mohammed worked together over the 2007-2008 period to extort protection payments); *id.* at 14 (referencing Mohammed's statements to law enforcement); Doc. 40 (Mohammed's sentencing memorandum) at 5 (the presentence investigation report noted Mohammed's "repeated" participation in this conduct).

### Documents Currently in Mohammed's Possession

---

[1] After Baker and Glenn were exonerated, the Cook County Criminal Court vacated the conviction of Lionel White, another man who alleges that members of Watts's team framed him. The Cook County State's Attorney's Office Conviction Integrity Unit is currently conducting a systemic review of Watts-related convictions. *See* Exhibit D (Jason Meisner, *Search on for More Tainted Convictions*, Chicago Tribune, Feb. 27, 2017).

In their civil suit, Baker and Glenn served Rule 34 requests on Watts, Mohammed, and other CPD officers. Exhibit C (Plaintiffs' January 23, 2017 Requests for Production). In the course of responding to discovery, Mohammed's counsel in the civil matter (a different attorney than the one who represented him in this criminal case) reported that Defendant Mohammed had documents in his personal possession he obtained in discovery in this criminal case, but that those documents were under a protective order. Mohammed's counsel notified the AUSA from this criminal matter that Mohammed had those documents, and made arrangements to return those materials to the government on April 26, 2017. Exhibit E (April 18, 2017 letter to AUSA Schneider).

When counsel for Baker and Glenn learned that Defendant Mohammed had these documents in his possession, they asked counsel for Defendant Mohammed to disclose the general nature of those documents. Baker and Glenn also asked if the documents contained any statements made by Mohammed. Mohammed's counsel indicated that in light of the protective order that had been entered in the criminal case, he did not feel he could disclose even the general nature of the documents. Exhibit F (*United States v. Watts et al.*, protective order). Mohammed's counsel also indicated he felt that he had no choice under the protective order other than to give the documents to the government.

## Relief Sought

Mohammed is currently in possession of documents that are relevant to Baker and Glenn's claims in *Baker v. City of Chicago* and responsive to Baker and Glenn's Rule 34 Requests in that case. Baker and Glenn understand that Mohammed is bound by the terms of the protective order in this case, but that order puts him in a position where he cannot comply with discovery obligations as a party in the *Baker v. City of Chicago* civil case.

Baker and Glenn have served a Rule 34 Request on Mohammed, and Mohammed has responsive documents. Baker and Glenn are at minimum entitled to know what those documents are.

And fairness dictates that Mohammed should not transfer custody of those documents to a non-party in the *Baker* litigation before he can even provide a log of those documents to Baker and Glenn. *See e.g.*, *Bryant v. Gardner*, 587 F. Supp. 2d 951, 967-68 (N.D. Ill. 2008) (discussing generally the duty to preserve evidence relevant to legal claims).

 For these reasons, Baker and Glenn ask this Court to modify the protective order in this case so that Mohammed can disclose in *Baker v. City of Chicago* the materials he currently possesses, to the extent that they are relevant to the claims in that case and responsive to Baker and Glenn's Rule 34 Requests. To the extent that there is a need to keep these documents non-public, Baker and Glenn would agree to keep those documents confidential under the terms of the protective order in that case, or any other protective order that the parties to this criminal case may seek.

 Alternatively, Baker and Glenn ask this Court to modify the protective order in this case so that Mohammed can at minimum provide a log of the documents he currently possesses. Mohammed would not be expected to produce any document until an assessment could be made on the basis of the log as to whether they are relevant to *Baker v. City of Chicago* and whether there is some reason that Baker and Glenn should not have access to them. After conferring, Baker and Glenn could petition this Court for further modification of the protective order to allow production of materials on an item-by-item basis.

 WHEREFORE, Ben Baker and Clarissa Glenn request that this Court allow them to intervene and modify the protective order in this case so that Defendant Mohammed may comply with discovery in *Baker v. City of Chicago*.

                Respectfully submitted,

                /s/ Elizabeth Mazur

Jon Loevy
Russell Ainsworth
Joshua Tepfer
Elizabeth Mazur
Loevy & Loevy
311 N. Aberdeen Street, Third Floor
Chicago, Illinois 60607
Phone: (312) 243-5900

Elizabeth Wang
Loevy & Loevy
2060 Broadway, Suite 460
Boulder, CO 80302
Phone: (720) 328-5642

## CERTIFICATE OF SERVICE

      I, Elizabeth Mazur, an attorney, certify that on April 24, 2017, I served a copy of this **Motion to Intervene to Seek Modification of the Protective Order** on all counsel of record via the ECF system.

                /s/Elizabeth Mazur