```
                IN THE UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

UNITED STATES OF AMERICA,      )    No. 12 CR 87
                               )
              Plaintiff,       )
                               )
         v.                    )    Chicago, Illinois
                               )    April 27, 2017
RONALD WATTS and               )    8:50 a.m.
KALLAT MOHAMMED,               )
                               )
              Defendant.       )    Motion

                  TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE SHARON JOHNSON COLEMAN

APPEARANCES:

For the Government:        HON. JOEL R. LEVIN
                           Acting United States Attorney, by
                           MS. MEGAN CUNNIFF CHURCH,
                           Assistant United States Attorney
                           219 South Dearborn Street
                           Suite 500
                           Chicago, Illinois  60604

For Defendant Mohammed:    LAW OFFICES OF JAMES A. GRAHAM
                           53 West Jackson Boulevard
                           Suite 703
                           Chicago, Illinois  60604
                           BY:  MR. JAMES A. GRAHAM

For the Plaintiffs:        LOEVY & LOEVY
(16 C 8940)                311 North Aberdeen
                           3rd Floor
                           Chicago, Illinois  60607
                           BY:  MR. JOSHUA A. TEPFER




              TRACEY DANA McCULLOUGH, CSR, RPR
                    Official Court Reporter
                 219 South Dearborn Street
                         Room 1426
                  Chicago, Illinois  60604
                       (312) 435-5570
```

```
 1  APPEARANCES CONTINUED:

 2  For Kallatt Mohammed:        RAVITZ & PALLES
    (16 C 8940)                  203 North LaSalle Street
 3                               Suite 2100
                                 Chicago, Illinois  60601
 4                               BY:  MR. GARY J. RAVITZ
                                      MR. ERIC S. PALLES
 5

 6  For Ronald Watts:            JOHNSON & BELL, LTD.
    (16 C 8940)                  33 West Monroe Street
 7                               Suite 2700
                                 Chicago, Illinois  60603
 8                               BY:  MR. BRIAN P. GAINER

 9
    For the City of              DYKEMA GOSSETT PLLC
10  Chicago, et al.:             10 South Wacker Drive
    (16 C 8940)                  Suite 2300
11                               Chicago, Illinois  60606
                                 BY:  MR. DANIEL M. NOLAND
12

13  For the Individual           NATHAN & KAMIONSKI LLP
    Officers:                    125 South Clark Street
14  (16 C 8940)                  17th Floor
                                 Chicago, Illinois  60603
15                               BY:  MR. AVI T. KAMIONSKI

16

17

18

19

20

21

22

23

24

25
```

```
 1              THE CLERK:  12 CR 87, USA versus Kallatt Mohammed and
 2   Ronald Watts.
 3              THE COURT:  Go ahead and start.  Just get started.
 4              MS. CHURCH:  Good morning, Your Honor.  Megan Church
 5   for the United States.
 6              MR. TEPFER:  Good morning, Your Honor.  Joshua Tepfer
 7   for --
 8              THE COURT:  I can hear everybody.  Don't worry about
 9   it.
10              MR. TEPFER:  Joshua Tepfer for plaintiff intervenors
11   Ben Baker and Clarissa Glenn.
12              MR. PALLES:  Eric Palles and Gary Ravitz --
13              MR. RAVITZ:  Good morning.
14              MR. PALLES:  Civil lawyers for Kallatt Mohammed.
15              THE COURT:  All right.
16              MR. GRAHAM:  Judge, I'm Jim Graham.  I represented
17   Kallatt Mohammed in the criminal case, as you may recall.
18              THE COURT:  Yes, you did.
19              MR. GAINER:  Your Honor, I'm Brian Gainer,
20   G-A-I-N-E-R.  I represent Ronald Watts in the civil case that
21   we're here to talk about today.
22              THE COURT:  All right.
23              MR. NOLAN:  Good morning, Your Honor.  Daniel Nolan
24   on behalf of the City of Chicago in the civil case.
25              MR. KAMIONSKI:  Good morning, Your Honor.
```

1  Avi Kamionski. I represent several individual officers in the
2  civil case.
3           THE COURT: All right. Who -- other than?
4           MR. KAMIONSKI: Other than the ones named here so
5  far.
6           THE COURT: All right. So there's a motion.
7           MR. TEPFER: Yes, Your Honor. I guess I'm -- we
8  filed a motion. Just for a little background, of course.
9  Plaintiff Ben Baker and Clarissa Glenn filed a 1983 lawsuit and
10 various state law claims against these -- the officers who are
11 the subject of this criminal case. Baker and Glenn have each
12 been found -- their convictions were overturned and found
13 factually innocent. The case is in front of Judge Wood, and
14 discovery is ongoing.
15          As part of the discovery process, we first subpoenaed
16 the criminal defense lawyers for part of it, simultaneously the
17 criminal defense lawyers for Watts and Mohammed just as part of
18 standard discovery. We were then alerted of the protective
19 order, so we withdrew the subpoena. We then, of course, filed
20 Rule 34 requests for discovery. Mr. Palles alerted us that he
21 had documents -- well, through correspondence that he had
22 documents responsive to the -- to our Rule 34 request, but said
23 that he viewed that the documents had to be turned over to the,
24 the government in light of the protective order.
25          We asked for a log of the documents or a general

1  overview of what the documents are.  His position as stated to
2  us was that because of the protective order, he couldn't feel
3  comfortable even doing that.  So that's essentially where we
4  are.  We're seeking -- we have documents that are responsive to
5  our discovery requests.  We don't really know what they are.
6  We -- so we're here seeking modification of the protective
7  order.  Clearly the protective order in place, which is Exhibit
8  F to our proceeding, contemplates this very idea.
9         In paragraph 1, paragraph 2, and paragraph 6 there's
10 allusions to the idea of subject to further court order.  So we
11 think it's appropriate remedy for us to see those documents.
12 Obviously it's standard.  They are in possession of
13 Mr. Mohammed for four years since, since this proceeding.
14 Obviously the defense counsel have documents as well, which are
15 needless to say in the possession of the defendants there as
16 well in this case.  So we think that properly we should get
17 them.
18         Obviously we would comply with the protective order
19 in this, that's in place.  Any other protective order that this
20 Court or the parties want us to enter into, we will.  And short
21 of that, and obviously in the alternative we, we do feel like
22 we're entitled to a log of the materials.  If we -- for
23 whatever reason the Court rules we can't have them, even if it
24 seems to be they're objecting to even this log, in fact, we
25 would even subject that log to a protective order if we need.

1 But at this point we want to see -- we, we feel like we're
2 entitled to the documents.
3    THE COURT: Miss Church.
4    MS. CHURCH: We have the documents, Your Honor.
5 Defendants' counsel provided them to us, so they are currently
6 in my office. There is no legal basis for a plaintiff in a
7 civil case to intervene in a closed criminal case to try and
8 obtain these documents in that method. The protective order is
9 in place. It was agreed to by the government and defense
10 counsel. It includes all sorts of grand jury material, which,
11 as Your Honor is aware, has certain protections and remains
12 confidential and secret.
13    And so the method for the plaintiffs to obtain
14 records or documents from the underlying criminal case is to
15 subpoena the government for them. And they can do so in their
16 civil case. So there is no basis for this Court to have to try
17 and come up with some sort of remedy in a criminal -- a closed
18 criminal case for a nonparty.
19    THE COURT: Counsel, have you discussed that? You
20 were ready to subpoena before. Withdrew the subpoena,
21 understanding there was a protective order.
22    MR. TEPFER: Of course, Your Honor. And we do intend
23 to pursue a subpoena against the FBI, and we will be doing
24 that. The reality is, of course, there's the Touhy regulations
25 for the FBI subpoena. We believe it's appropriate. What we've

1  been doing is so we can target our request to the FBI, you
2  know, very straightforward, very narrowly, we want to see what
3  the parties have in this case through Rule 34.  Obviously the
4  parties did have certain things.  They've now been returned to
5  the government.
6          But the other thing is, is the City is still -- the
7  discovery is still very much ongoing.  The City has not fully
8  responded, and they have time.  I'm not saying they have had
9  to, but have not fully responded to our Rule 34 request.  The
10 City was involved in a joint investigation with the FBI.
11         THE COURT:  Counsel, I'm going to stop you one
12 second.  You talk about the City.  You've got a judge, don't
13 you?
14         MR. TEPFER:  We do, Your Honor.
15         THE COURT:  Judge Wood.
16         MR. TEPFER:  So my point is we will be seeking
17 documents ultimately, but we want to see what we receive from
18 this.  And this is part of why we're here.  We're seeking --
19 these are documents that were in possession of the defendants
20 in the civil case.  And we think that clearly the protective
21 order contemplates modifying it for situations just like we
22 think this is.  We would comply with the protective order.  We
23 believe that they're appropriately given to us at this point.
24         THE COURT:  You have a fairly -- you may not see it
25 as simple, but there's a straightforward way right now of

1  getting at least some of the documents that you are seeking to
2  get or attempt to, and that is by subpoenaing the government
3  agency that says we have the documents now.  That's what I'm
4  hearing.  Miss Church says they have all the documents you are
5  seeking.  Is that correct, Miss Church?
6          MS. CHURCH:  That's correct, Your Honor.
7          THE COURT:  All right.  And as to what the City is or
8  isn't doing, the City -- this Court -- the City isn't in this
9  as far as the Court is concerned.  I had the criminal case,
10 which is closed.  Although I understand -- and I'm certain that
11 based on what the charges were that they were convicted of in
12 this case, you know, I don't think there are -- there's anybody
13 who's putting up any unnecessary roadblocks in your way to get
14 information you want and to pursue the case that you may be
15 pursuing, but I had the criminal case.  The criminal case is
16 closed.
17         You now have been told there's a way to get the --
18 attempt to get the documents you want to get, and I don't
19 think -- at this point, I'm not saying I wouldn't later if
20 there's an issue, but at this point fashioning some new
21 protective order or some exception and going through all of
22 that motion practice and argument isn't necessary at this
23 point.
24         MR. TEPFER:  Okay, Your Honor.
25         THE COURT:  All right.  I don't think I need to with

```
 1  that ruling hear from anybody else here.  No?
 2          MR. RAVITZ:  Okay, Judge.
 3          THE COURT:  All right.
 4          MR. GAINER:  Thank you.
 5          THE COURT:  Thank you.
 6          MR. GRAHAM:  Thanks a lot, Judge.
 7                     CERTIFICATE
 8          I HEREBY CERTIFY that the foregoing is a true,
 9  correct and complete transcript of the proceedings had at the
10  hearing of the aforementioned cause on the day and date hereof.
11
12  /s/TRACEY D. McCULLOUGH              June 13, 2017
13  Official Court Reporter              Date
    United States District Court
14  Northern District of Illinois
    Eastern Division
```